JAMES P. MOON
LAW OFFICES OF JAMES P. MOON, PLLC
1666 N. Hampton Rd., Suite 202
DeSoto, TX 75115
(469) 567-1530
(469-567-1533 (Fax)

ATTORNEYS FOR DEFENDANTS

United States District Court
Southern District of Texas
FILED

APR 18 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | BANKRUPTCY CASE NO. |
| CHARLES B. FELDMAN D/B/A | § | 90-01254-B-11 |
| CHARLES FELDMAN INVESTMENTS | § § | CHAPTER 11 |
| DEBTOR | § | |

| | | |
|---|---|---|
| COLIN KELLY KAUFMAN | § § | |
| PLAINITFF | § § | CIVIL ACTION NO. B-02-223 |
| V. | § § | (JURY DEMANDED) |
| CHARLES B. FELDMAN, et al | § § | |
| DEFENDANTS | § | |

<u>ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
AND DEFENDANTS' COUNTERCLAIM UNDER 28 U.S.C. §1927</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW CHARLES B. FELDMAN ("Feldman"), FELDMAN'S REAL

ESTATE, INC. ("FREI"), FELDMAN'S RENTALS ("Rentals"), and CLARA FELDMAN

<u>DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
AND DEFENDANTS' COUNTERCLAIM UNDER 28 U.S.C. §1927 - Page 1</u>

**PROPERTIES** ("CFP") (Feldman, FREI, Rentals, and CFP being hereafter sometimes referred to collectively as the "Defendants") in the above-entitled and numbered cause and, subject to the Motion for Referral of Case to Bankruptcy Court (hereafter referred to as the "Referral Motion") filed in connection herewith, files this their Defendants' Original Answer to Plaintiff's Original Complaint filed by **COLIN KELLY KAUFMAN**, Plaintiff, and their Defendant's Counterclaim Under 28 U.S.C. §1927, and in support thereof, would respectfully show the Court as follows:

### I.

### JURISDICTION; VENUE

1. The Defendants admit that this Court has original jurisdiction over the Debtor and the subject matter of this action. However, the Defendants, as set forth in the their Referral Motion, assert that this action should be referred to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, as a related case to the pending Chapter 11 proceeding, *In Re Charles B. Feldman, Debtor*, Bankruptcy Case No. 90-01254-B-11 (the "Main Bankruptcy Case"), pursuant to General Order 2002-2 (Referrals to Bankruptcy Judges), entered March 11, 2002 by the Honorable George P. Kazen, Chief Judge, United States District Court, Southern District of Texas. The Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint. The Defendants deny the allegations contained in Paragraphs 2(A), 2(B), 2(C), and 2(D) of the Complaint.

### JURY DEMAND

2. The Defendants hereby demand a trial by jury of the matters asserted by the

Plainitff herein.

## PARTIES

3.  The Defendants deny that Kaufman has any capacity to bring this action in that he has been removed, by order of the Court, as the Plan Trustee under the confirmed Plan of Reorganization in the Main Bankruptcy Case. The Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.  The Defendants admit that venue is proper as to the allegations against the Defendants as set forth in Paragraph 4 of the Complaint.

## GROUNDS FOR RELIEF

5.  Defendants are without sufficient knowledge or information at this time to either admit or deny that the purported statements of law cited by the Plainitff in Paragraph 5 of the Complaint are applicable to this case, and therefore, to the extent necessary, deny such statements. The Defendants specifically deny that they committed any fraud or any fraudulent acts, conduct, or omissions as alleged by the Plainitff. The Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.  Defendants are without sufficient knowledge or information at this time to either admit or deny that the purported statements of law cited by the Plainitff in Paragraph 6 of the Complaint are applicable to this case, and therefore, to the extent necessary, deny such statements. The Defendants specifically deny that they committed any fraud or any fraudulent acts, conduct, or omissions as alleged by the Plainitff. The Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendants specifically deny that they committed any fraud or any fraudulent acts, conduct, or omissions as alleged by the Plainitff. The Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants are without sufficient knowledge or information at this time to either admit or deny that the purported statements of law cited by the Plainitff in Paragraph 8(C) of the Complaint are applicable to this case, and therefore, to the extent necessary, deny such statements. The Defendants specifically deny that they committed any fraud or any fraudulent acts, conduct, or omissions as alleged by the Plainitff. The Defendants deny the remaining allegations contained in Paragraph 8(A), 8(B), and 8(C) of the Complaint.

9. Defendants are without sufficient knowledge or information at this time to either admit or deny that the purported statements of law cited by the Plainitff in Paragraph 9 of the Complaint are applicable to this case, and therefore, to the extent necessary, deny such statements. The Defendants specifically deny that they committed any fraud or fraudulent acts, conduct, or omissions as alleged by the Plainitff. The Defendants deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants specifically deny that the Plainitff has suffered any damages as a result of the alleged conduct of the Defendants as alleged in the duplicate Paragraph 7 (at Page 11) of the Complaint  The Defendants deny the remaining allegations contained in the duplicate Paragraph 7 (at Page 11) of the Complaint.

11. Defendants specifically deny that the Plainitff has suffered any damages as a result of the alleged conduct of the Defendants as alleged in the duplicate Paragraph 8 (at Page 11) of

the Complaint   The Defendants deny the remaining allegations contained in the duplicate Paragraph 8 (at Page 11) of the Complaint.

12.     The Defendants deny the allegations contained in the Prayer of the Complaint and specifically deny that the Plaintiff is entitled to any relief whatsoever by virtue of his claims asserted herein.

## AFFIRMATIVE DEFENSES

### Lack of Capacity; No Standing

13.     Still urging and relying on the matters set forth above, by way of further answer and defense, the Defendants would show that the Plaintiff has filed to state a claim for relief which can be granted in that, having been removed as the plan Trustee in the main case, Kaufman is without the standing or the capacity to bring this action.

### Res Judicata

14.     Still urging and relying on the matters set forth above, by way of further answer and defense, the Defendants hereby assert the affirmative defense of *res judicata* in that any claims arising out of the alleged conduct complained of by the Plainitff were compromised, settled and released pursuant to the terms of the Settlement and Mutual Release Agreement, dated September 13, 2002, by and between the Defendants and Michael Boudloche, Trustee for the Bankruptcy Estate of Charles B. Feldman, as approved by the United States Bankruptcy Court in its Order Approving Settlement Agreement, entered on or about January 14, 2003.  As a result of such settlement and release of claims, the Plainitff's claims are barred as a matter of law.

## Statutes of Limitations

15. Still urging and relying on the matters set forth above, by way of further answer and defense, the Defendants hereby assert that any and all claims which accrued four (4) years prior to the date of the filing of this action are barred by limitations.

## Doctrine of Laches

16. Still urging and relying on the matters set forth above, by way of further answer and defense, the Defendants hereby assert the affirmative defense of laches in that the Plaintiff, by delaying in asserting claims that he believed existed by reason of certain facts which he knew or should have know existed, and the Defendants having relied thereon, the Plaintiff should be barred by the equitable doctrine of laches.

## Doctrine of Unclean Hands

17. Still urging and relying on the matters set forth above, by way of further answer and defense, the Defendants hereby assert the affirmative defense of the doctrine of unclean hands in that the Plainitff, as evidenced by his own wrongful conduct and breaches of his fiduciary duties to the bankruptcy estate, should be barred from recovery for any compensation or damages relating to any services rendered to, or in connection with his mismanagement of, the bankruptcy estate of Defendant Feldman.

WHEREFORE, PREMISES, CONSIDERED, the Defendants respectfully prays that the Court set this matter down for trial, and that upon trial hereof, the Court enter a judgment in favor of the Defendants and against the Plaintiff take nothing by virtue of his claims against the Defendants; that the Defendants have and recover their reasonable attorneys' fees, costs and

expenses incurred in defending this action, and that the Defendants be granted such other and further relief, at law or in equity, to which they may show themselves justly entitled.

## II.

### COUNTERCLAIM FOR SANCTIONS AND ATTORNEYS' FEES UNDER 28 U.S.C. §1927, RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND FEDERAL BANKRUPTCY RULE 9011

COMES NOW THE DEFENDANTS in the above-entitled and numbered cause and files this their Counterclaim for the imposition of sanctions against, and the recovery of attorneys' fees, costs, and expenses from, **COLIN KELLY KAUFMAN**, Plaintiff, in his individual capacity, and in support thereof, would respectfully show the Court as follows:

### Unreasonable and Vexatious Litigation under 28 U.S.C. §1927

1. The Defendants would show that in filing this action and asserting the claims herein, the Plaintiff has instituted unreasonable and vexatious proceedings in an effort to harass the Defendants and to multiply the proceedings against them.

2. In addition, the Plaintiff has filed this action with the intent to threaten and extort a settlement from the Defendants and to cause them to incur unnecessary attorneys; fees, costs and expenses in defending this action.

3. Finally, the Plainitff has filed this action in an effort to conceal and deflect attention from his own wrongful and illegal conduct in his mismanagement of, and breaches of fiduciary duties to, the bankruptcy estate of Defendant Feldman.

4. Section 1927 of Tile 28, United States Code, specifically states that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As an attorney licensed (at least for now) before the Court of this District, Plaintiff is responsible for the excessive costs and expenses, including reasonable attorneys' fees, incurred by the Defendants in having to defend this action.

### Sanctionable Conduct Under F.R.C.P. 11 and B. R. 9011

5. Defendants would further show that the Plainitff, in preparing and filing this action, wholly failed to make a reasonable inquiry under the circumstances and that:

   (a) Such claims have been and are being presented for an improper purpose, to harass or to cause unnecessary delay or needless increase in the cost of litigation, and to attempt to divert attention away from the Plaintiff's own wrongful conduct;

   (b) The claims and other legal contentions asserted by the Plaintiff herein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and

   (c) The allegations and other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

   (d) As such, the filing of this action is a blatant violation of F.R.C.P. 11 and Bankruptcy Rule 9011, thereby entitling the Defendants to the recovery of their

reasonable attorneys' fees, costs, and expenses incurred in defending this action.

WHEREFORE, PREMISES, CONSIDERED, the Defendants respectfully pray that the Court set this Counterclaim down for trial, and that upon trial hereof, the Court enter a judgment in favor of the Defendants and against the Plaintiff, in his individual capacity, that the Defendants have and recover their reasonable attorneys' fees, costs and expenses incurred in defending this action, and that the Defendants be granted such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Respectfully Submitted,

**LAW OFFICES OF JAMES P. MOON, PLLC**
1666 N. Hampton Rd., Suite 202
DeSoto, TX 75115
(469) 567-1530
(469) 567-1533 (Fax)

By: _____
JAMES P. MOON
State Bar No. 14316300

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing their Defendants' Original Answer to Plaintiff's Original Complaint and Defendant's Counterclaim Under 28 U.S.C. §1927 was served on the Plaintiff by telefax, overnight delivery, and/or United States mail, postage prepaid, on this the 17th day of April, 2003.

JAMES P. MOON

C:\1Data\JPMPLLC\Feldman\Kaufman\Original Answer.wpd