JAMES P. MOON
LAW OFFICES OF JAMES P. MOON, PLLC
1666 N. Hampton Rd., Suite 202
DeSoto, TX 75115
(469) 567-1530
(469-567-1533 (Fax)

ATTORNEYS FOR DEFENDANTS

United States District Court
Southern District of Texas
FILED

APR 18 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | BANKRUPTCY CASE NO. |
| CHARLES B. FELDMAN D/B/A | § | 90-01254-B-11 |
| CHARLES FELDMAN INVESTMENTS | § § | CHAPTER 11 |
| DEBTOR | § | |

| | | |
|---|---|---|
| COLIN KELLY KAUFMAN | § § | |
| PLAINITFF | § § | CIVIL ACTION NO. B-02-223 |
| V. | § § | |
| CHARLES B. FELDMAN, et al | § § | |
| DEFENDANTS | § | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR REFERRAL TO BANKRUPTCY COURT PURSUANT TO GENERAL ORDER 2002-2**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW CHARLES B. FELDMAN ("Feldman"), FELDMAN'S REAL ESTATE, INC. ("FREI"), FELDMAN'S RENTALS ("Rentals"), and CLARA FELDMAN

**PROPERTIES** ("CFP") (Feldman, FREI, Rentals, and CFP being hereafter sometimes referred to collectively as the "Defendants") in the above-entitled and numbered cause and files this their Brief in Support of Defendants' Motion for Referral of Case to Bankruptcy Court requesting this Court, pursuant to General Order 2002-2 to refer this action to the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division, as a related case to the pending Chapter 11 proceeding, *In Re Charles B. Feldman, Debtor*, Bankruptcy Case No. 90-01254-B-11 (the "Main Bankruptcy Case"), and in support thereof, would respectfully show the Court as follows:

## JURISDICTION

1. The Court has jurisdiction of the parties and the subject matter hereof pursuant to 28 U.S.C. §1334 since this is a matter involving a case under Title 11, United States Code and a motion to refer this matter to the United States Bankruptcy Court for the Southern District of Texas pursuant to General Order 2002-2 (Referrals to Bankruptcy Judges), entered March 11, 2002 (hereafter referred to as the "General Order") by the Honorable George P. Kazen, Chief Judge, United States District Court, Southern District of Texas.

## FACTUAL BACKGROUND

2. This action was filed on or about November 22, 2002.

3. Prior to the filing of this action, Defendant Feldman has filed his voluntary bankruptcy proceeding under Chapter 11 of the United States Bankruptcy Code, in Bankruptcy Case No. 90-01254-B-11, styled *In Re Charles B. Feldman, Debtor* (hereafter referred to the "Main Bankruptcy Case").

4.   As admitted by the Plainitff in his Complaint, the Plaintiff was appointed and served, until his removal by the Bankruptcy Court, as the Plan Trustee under the confirmed First Amended Plan of Reorganization (the "Plan") in the Main Bankruptcy Case.

5.   Under the terms of Section 15.1 of the Plan, the Debtor specifically provided that the Bankru0tcy Court would retain jurisdiction over all matters necessary to ensure the purpose and intent of the Plan, including, without limitation, the following:

   (a)   *to hear and determine all claims against the Debtors and property of the estate . . .;*

   . . .

   (c)   *to enforce, modify, and interpret the terms and conditions of the Plan;*

   . . .

   (e)   *to determine all disputes regarding title to the assets of the estate, and the determination of all causes of action, controversies, disputes, or conflicts between the Debtor and any other party . . .;*

   . . .

   (o)   *to liquidate or estimate damages or claims or determine the manner in time for such liquidation or estimation in connection with a contingent or unliquidated claim; and*

   (p)   *to hear and determine such other matters as may be*

> *provided for in the confirmation order confirming the Plan ro as may be permitted by the Bankruptcy Court.*

See Section 15.1, Exhibit "B" to the Plainitff's Original Complaint.

6. On or about June 28, 2001, the Bankruptcy Court entered its Order (the "Removal Order") removing the Plainitff as the Plan Trustee in the Main Bankruptcy Case.

7. On or about September 13, 2001, the Bankruptcy Court entered its Corrected Agreed Order (the "Corrected Removal Order") reserving for later determination the issues of the Plaintiff's right to any fees for services as the Plan Trustee and whether he should be required to disgorge fees and expenses wrongfully paid to himself out of the bankruptcy estate.

8. On or about March 7, 2002, the Bankruptcy Court entered its Me3morandum Opinion and Order finding that the Plaintiff had breached his fiduciary duties to the bankruptcy estate and its creditors, had made improper loans to himself out of estate funds, and had charged excessive fees. As a result of such conduct, the Bankruptcy Court significantly reduced the fees claimed by the Plainitff and order him to disgorge the remaining fees he had wrongfully paid to himself out of the estate funds.

9. On or about March 12, 2002, the Bankruptcy Court entered its Final Judgment in favor of Michael Boudloche, the substitute Plan Trustee, for the attorneys fees, costs and expenses that the Plainitff had failed to disgorge.

10. Thereafter, in an attempt to collect his fees from Defendant Feldman, the Debtor in the Main Bankruptcy Case, after having been ordered to disgorge them by the Bankruptcy Court, the Plainitff brought this action.

## REQUEST FOR REFERRAL TO BANKRUPTCY COURT

11. Based on the foregoing, the Defendants would request that this action be referred to the Bankruptcy Court for the following reasons set forth below.

### Required by the General Order

12. The Defendants would show that, based on a review of the nature of the claims asserted by the Plainitff herein and the necessary determinations that will have to be made in connection therewith, this action clearly falls within the purview of the General Order. Such things as the interpretation of the Plan, the impropriety of the Plaintiff's conduct as Plan Trustee, and the assertion of claims against Defendant Feldman as the Debtor in the Main Bankruptcy Case are all matters that are clearly within the purview of the Bankruptcy Court. As such, as a matter arising out of (and relating to) the Title 11 proceeding, i.e., the Main Bankruptcy Case, this action would be subject to the General Order and should be referred to the Bankruptcy Court.

### Specifically Provided for in the Plan

13. In addition, Defendants would show that the very type of matters sought to be adjudicated by the Plainitff in this action are those that the parties (including the Plainitff who was a party to the Plan) specifically intended and contemplated would be heard and determined by the Bankruptcy Court under Section 15.1 of the Plan. As a result, this Court should not let the Plaintiff undermine and circumvent the original intentions of the parties as specifically set forth in the Plan by attempting to use this Court to achieve a more favorable result than he has been able to achieve in the Bankruptcy Court.

### Judicial Economy

14. Further, the interests of judicial economy would be served by referring this matter to the Court that not only has specific expertise in these types of matters, but has also has the knowledge and experience with the Main Bankruptcy Case and related proceedings over the 12+ years it has been pending in the Bankruptcy Court. With its significant familiarity of the history of the Main Bankruptcy Case, the Debtor, his business operations, the conduct of the Plaintiff as Plan Trustee, and the facts and circumstances surrounding the claims asserted by the Plaintiff, it would only be logical that this matter should be heard by that Court.

### Prevent Forum Shopping

15. Finally, it is obvious, from a review of the allegations of th Plainitff and the results of the other proceedings related to his claims for compensation, that the Plainitff has filed this action in this Court in an effort to "forum shop" for a better result than has been determined in the Bankruptcy Court. As the Plaintiff freely admits in his Complaint and as is clear from the Exhibits attached thereto, the Plaintiff has repeated been denied the full amount of the compensation he claims to have incurred as the Plan Trustee. Now, having been unable to convince Judge Schmidt or Judge Tagle that should be compensated as he sees fit, the Plainitff has now attempted an "end-run" into this Court to try to obtain more favorable result. The ends of justice and finality surely cannot be served by allowing a litigant, especially an officer of the Court, to use this Court to circumvent the prior determinations of other courts.

### CONCLUSION

Based on the foregoing, the Defendants request that the Court, pursuant to the General

Order, enter an order referring this matter to the Bankruptcy Court for the reasons set forth in the Motion and above.

                                          Respectfully Submitted,

                                          **LAW OFFICES OF JAMES P. MOON, PLLC**
                                          1666 N. Hampton Rd., Suite 202
                                          DeSoto, TX 75115
                                          (469) 567-1530
                                          (469) 567-1533 (Fax)

                                          By: _____
                                              JAMES P. MOON
                                              State Bar No. 14316300

                                          ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Brief in Support of Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2 was served on the Plaintiff by telefax, overnight delivery, and/or United States mail, postage prepaid, on this the 17th day of April, 2003.

                                          _____
                                          JAMES P. MOON

C:\1Data\JPMPLLC\Feldman\Kaufman\Referral Brief.wpd