IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 5 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Colin Kelly KAUFMAN, Plaintiff | |
| vs. | Civil Action No. B-02-223 |
| Charles B. FELDMAN, Defendant | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. State where and when the meeting of parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   <u>Answer</u>: Colin Kelly Kaufman, in propria personam, and James P. Moon, counsel for Defendant, conferred by telephone on Thursday, April 17, 2003. Mr. Moon was supposed to confer with Mr. Kaufman by phone again on Friday, April 18, 2003; but Plaintiff did not hear from him. This writing is being filed to show plaintiff's understanding of the exact areas of agreement or disagreement of the two sides. This writing was FAXed to Mr. Moon on Wed., April 23, 2003.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   <u>Answer</u>: Mr. Kaufman says: This case is related to an appeal entitled <u>In re Charles B. Feldman (Colin Kelly Kaufman, Appellant vs. Charles B. Feldman, et al., Appellees)</u>, now pending before the United States Fifth Circuit Court of Appeals in New Orleans, Civil Action 03-40125. Briefs are not yet due in this case. Another related appeal pending in this District Court is an appeal of bankruptcy court adversary # 01-2090, Colin Kelly Kaufman, Appellant v. Michael Boudloche, Trustee, Civil Action No.         , an appeal of an order below which approved a compromise and settlement for $25,000 of claims asserted against Charles B. Feldman for $1 million, in which (allegedly technical) breaches by Mr. Feldman were admitted by Mr. Boudloche, and ability to pay the $1 million by Mr. Feldman was also admitted.

   Mr. Moon says _____.

3. Briefly describe what this case is about:

   <u>Answer</u>: Mr. Kaufman says: In the appeal to the Fifth Circuit, Mr. Kaufman appealed

-1-

from a bankruptcy court order denying his First and Final Fee Application, made under Bkcy. Code (11 U.S.C.) Sec. 503(b). The bankruptcy court order was affirmed by Judge Hilda Tagle in the District Court. It became apparent that Mr. Boudloche intended to effectively moot Mr. Kaufman's appeal by compromising and settling with Mr. Feldman for so small an amount of money that Mr. Kaufman would be paid nothing if he won the appeal to the Fifth Circuit. But the Plan expressly provided for Mr. Feldman to reveal certain information to Mr. Kaufman, and he did not reveal it; and this action asserts that failure to speak when there is a duty to speak constitutes fraud. This action is being filed now because by the time the appeals to the Fifth Circuit are decided, limitations would have run on Mr. Kaufman's causes of action for fraud.

Mr. Moon says:

4. Specify the allegation of federal jurisdiction.

    Answer: The complaint says: This court has "federal question" jurisdiction over this controversy under 28 U.S. Code because the contract (which created the duty to speak sought to be enforced by this fraud claim) is a confirmed Plan of Reorganization under Chapter 11 of the Bankruptcy Code, The cause of action also arises under federal law (in that Mr. Kaufman was induced to become a plan trustee in reliance on the Plan, and <u>Barton v. Barbour</u> (U.S. 1881) establishes that such a trustee is a federal instrumentality, over whose rights and duties there is inherent federal question jurisdiction. And the amount in controversy exceeds $150,000. This Court also has federal question jurisdiction because the enforcement, interpretation or setting aside of a federal judgment is a "federal question." Federal jurisdiction also applies under 28 U.S.C. Sec. 1334, though not specifically alleged as such in the complaint.
    Mr. Moon, attorney for the defendant, says:

5. Name the parties who disagree and the reasons.

    Answer: See answer to prior question, last sentence.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Answer: None.

7. List anticipated interventions.

    Answer: None.

8. Describe class action issues.

Answer: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Answer: Mr. Kaufman says, No disclosures are needed on my side, because (except for subsequent attorneys fees which are running) we have no evidence to support an issue or disclose to be at issue that has not already been disclosed and made at issue in the main bankruptcy case below, and all such writings are equally available to both parties, unless some new element of damages is discovered to arise. Furthermore, this action was filed in the expectation that Mr. Kaufman might prevail on one or more points on appeal. If that does not happen, there will probably be no further need to pursue this action.

Mr. Moon says:

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C. When and to whom the defendant anticipates it may send interrogatories.

    D. Of whom and by when the plaintiff anticipates taking oral depositions.

    E. Of whom and by when the defendant anticipates taking oral depositions.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Answer: Mr. Kaufman says:

A-H. A lot of discovery is not going to be necessary or appropriate before the appeal before the Fifth Circuit is decided, though plaintiff anticipates asking for the tax information that he was never furnished that was promised by the Plan, and asking what additional information, if any, was shown to Mike Schmidt and/or Mike Boudloche before the decision was made to settle for $25,000. The Fifth Circuit appeal will determine whether plaintiff-Appellant will be able to

recover any attorneys fees, and might very well moot any other issues that may exist in this case. It would be efficient to await that appeal's outcome before determining to depose witnesses and name experts (though plaintiff anticipates as serving as his own expert).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   <u>Answer</u>: Not applicable (see response to # 10, above.)

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   <u>Answer</u>: Not applicable (see response to # 10, above.)

13. State the date the planned discovery can reasonably be completed.

   <u>Answer</u>: Not applicable (see response to # 10, above.) Best to wait til the Fifth Circuit appeal is over, and see if pursuit of this action is appropriate or not, depending on the result.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f).

   <u>Answer</u>: Not applicable – Mr. Feldman has never shown any interest in settlement, nor ever made a counter-offer when settlement was offered by plaintiff. So if this case is going to be settled, or similarly disposed of, it will evidently after completion of the appeal before the Fifth Circuit, and not alone in this separate action.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   <u>Answer</u>: The parties have dealt with the appeal case in the district court and are now preparing for the briefs that must be filed in the appeal to the Fifth Circuit.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   <u>Answer</u>: None are appropriate (see response to #14.)

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.

   <u>Answer</u>: No trial is anticipated to be scheduled until after the outcome of the appeal before the Fifth Circuit (see response to #10 and # 14 above). So we would say it is premature to discuss.

18. State whether a jury demand has been made and if it was made on time.

   Answer: not applicable (see response to # 17 above.)

19. Specify the number of hours it will take to present the evidence in this case.

   Answer: not applicable (see response to # 17 above.)

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Answer: Defendant has filed a motion to refer the case to bankruptcy court, which Plaintiff will oppose as merely adding another unnecessary layer of time, expense and briefing, to the appellate process.

21. List other motions pending.

   Answer: None. The parties expect that Defendant will file a motion to dismiss, to which Plaintiff will file an answer opposing dismissal.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   Answer: None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

   Answer: See below.

Counsel for Plaintiff:

_____   Date: April 23, 2003
Colin Kelly Kaufman
State Bar of Texas # 11113000
Southern Dist. Federal ID # 9242
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662
Telephone (361) 888-8865
Telecopier (362) 888-8172

Counsel for Defendant:

_____        Date:_____
Mr. James P. Moon
Address James P. Moon, Esq.
1660 N. Hampton Rd., Ste. 202,
DeSoto, TX. 75115
Telephone (469) 567-1530
Telecopier (469) 567-1533

COLIN KELLY KAUFMAN
ATTORNEY AT LAW
1106 Third Street, Corpus Christi, TX. 78404-2312
P.O. Box 1662, Corpus Christi, TX. 78403-1662
Phone (361) 888-8865; FAX (361) 888-8172
Board Certified, Business Bankruptcy Law and Consumer Bankruptcy Law,
<u>Texas Board of Legal Specialization</u>

Date: April 23, 2003

Notice: This FAX is confidential. Only an addressee may see it. A privilege protects it. If you get it instead, please don't pass it on, but call the number below for advice. Thanks.

Name of Addressee:                                   Facsimile Telephone Number:

James Moon                                           1-469-567-1533

Note: If one of the following boxes is checked, then the original will follow: |_| by regular mail |_| by overnight delivery. Number of pages, including this page: _____ . Additional Message:
James:
    Enclosed is a draft Rule 26 plan; and a copy of the order telling us to file one. Could you make <u>any changes you think proper on your part (or suggest changes on my part)? I want to send this off for</u> filing tomorrow. One other point – you can't file a counterclaim without lifting the stay in my Chapter 13 case. You can make it a set-off or recoupment. Thanks very much for your time. Colin K.

If pages are missing or illegible please call (361) 888-5888, and ask for (circled name) Casi or Debra. Or call 888-8865 if no one answers. Thanks very much for your time and attention. Sincerely, Colin Kelly Kaufman, Attorney.

Exhibit A



United States District Court
Southern District of Texas
FILED

NOV 2 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

COLIN KELLY KAUFMAN §
§
VS. §   CIVIL ACTION NO. B-02-223
§
CHARLES B FELDMAN §
§

ORDER FOR CONFERENCE
AND
DISCLOSURE OF INTERESTED PARTIES

1. Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before:
The Honorable John Wm. Black
United States Magistrate Judge
on March 18, 2003 at 2:00 P.M.
in the Second Floor Courtroom, No. 2
United States Federal Courthouse
600 E. Harrison Street
Brownsville, Texas

2. After the parties meet as required by Fed.R.Civ.P.26(f), counsel shall prepare and file, not less than 10 days before this conference the JOINT REPORT ON MEETING REQUIRED BY RULE 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN attached to this ORDER.

3. Counsel shall file with the clerk within 15 days from receipt of this ORDER a certificate listing all persons, associations of persons, firms, partnership, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded.</u> If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

4. The court will enter a scheduling order and may rule on any pending motions at the conference.

5. The Plaintiff(s), or the party removing this suit from state court, **SHALL SERVE THE OPPOSING PARTY OR PARTIES** with copies of:
   a. this ORDER FOR CONFERENCE,
   b. the form for the JOINT REPORT ON MEETING REQUIRED BY RULE 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN,

6. These papers **SHALL BE SERVED CONTEMPORANEOUSLY WITH THE SUMMONS AND COMPLAINT.**

7. The parties will be bound by the provisions contained in this ORDER, the papers mentioned in No. 4 above, and the dates set out in the scheduling order to be entered in this case.

Exhibit B

By Order of the Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VS.

§
§
§  CIVIL ACTION NO. B-02-223
§
§
§

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

3. Specify the allegation of federal jurisdiction.

4. Name the parties who disagree and the reasons.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

6. List anticipated interventions.

7. Describe class-action issues.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   C. When and to whom the defendant anticipates it may send interrogatories.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   E. Of whom and by when the defendant anticipates taking oral depositions.

   F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

12. State the date the planned discovery can reasonably be completed.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

18. Specify the number of hours it will take to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

20. List other motions pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

23. All counsel or pro se parties are required to keep the Clerk and all other parties advised of changes of address.