*14*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**FILED**

APR 2 8 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Colin Kelly KAUFMAN, Plaintiff | |
| | |
| vs. | Civil Action No. B-02-**223** |
| | |
| Charles B. FELDMAN, | |
| Defendant | |

REVISED JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. State where and when the meeting of parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Answer: Colin Kelly Kaufman, in propria personam, and James P. Moon, counsel for Defendant, conferred by telephone on Thursday, April 17, 2003. Mr. Moon was supposed to confer with Mr. Kaufman by phone again on Friday, April 18, 2003; but Plaintiff did not hear from him. This writing is being filed to show plaintiff's understanding of the exact areas of agreement or disagreement of the two sides. This writing was FAXed to Mr. Moon on Wed., April 23, 2003.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Answer: Mr. Kaufman says: This case is related to an appeal entitled In re Charles B. Feldman (Colin Kelly Kaufman, Appellant vs. Charles B. Feldman, et al., Appellees), now pending before the United States Fifth Circuit Court of Appeals in New Orleans, Civil Action 03-40125. Briefs are not yet due in this case. Another related appeal pending in this District Court is an appeal of bankruptcy court adversary # 01-2090, Colin Kelly Kaufman, Appellant v. Michael Boudloche, Trustee, Civil Action No.          , an appeal of an order below which approved a compromise and settlement for $25,000 of claims asserted against Charles B. Feldman for $1 million, in which (allegedly technical) breaches by Mr. Feldman were admitted by Mr. Boudloche, and ability to pay the $1 million by Mr. Feldman was also admitted.. Mr. Kaufman's Chapter 13 bankruptcy proceeding is related to this case in one way: it created an automatic stay under Bankruptcy Code Sec. 362, which was violated by Mr. Feldman when he filed the counterclaim in this case. Another related case is the grievance filed by Mr. Ditto against Mr. Kaufman, on which Judge Kazen made the December 6, 2001 ruling attached hereto as an Exhibit (which proceeding has no case number, but is docketed under plaintiff's name).

-1-

Mr. Moon says _____.

3.  Briefly describe what this case is about:

Answer: Mr. Kaufman says: In 1992, Mr. Kaufman became plan trustee of a confirmed plan in Mr. Feldman's bankruptcy case, 90-1254-B-11.  This plan called for five years of profits from the "Feldman entities" to be paid by Mr. Feldman to the plan trustee, and for Mr. Feldman to furnish the plan trustee with financial information sufficient to assure him that all amounts owed were paid, and that all expenditures or deductions were proper ones.  The plan gave Mr. Kaufman the power to sue Mr. Feldman in case of Mr. Feldman's breach of his obligations under the Plan.

In 1995, the FDIC sold its claims in the bankruptcy to CKS Financial, Inc., whose president, Steve Ditto demanded accountings.  Several were furnished, disclosing that very little could be expected to be distributed to creditors because of the amount of the administrative expenses which would be owed to Mr. Kaufman, and none disclosing any actual expenditures because no expenditures had been made.  Though Mr. Ditto's counsel from time to time did not complain at the time, four years later his sixth lawyer, Matthew Rosenstein claimed that the disclosures were insufficient for not disclosing expenditures – i.e., for lacking the sentence, "no expenditures have been made."  Eventually Mr. Kaufman secured an order denying further accountings to CKS, and an order employing an accountant to make any further accountings that CKS might request.  Still later, Mr. Kaufman began paying his administrative expenses.

Cerca Thanksgiving, 2000 Mr. Feldman's accountant furnished some tax returns for Mr. Feldman individually.  Based on the tax returns, Mr. Kaufman began to work on a Proposed Final Report.  In April, 2001, he completed that, noting that Mr. Feldman would appear to owe creditors amounts in the high six figures, but probably not in the seven digits, based on the tax information he was furnished.  Two days later, Mr. Rosenstein was hired, who claimed that the accountings were bad, and that Mr. Kaufman had paid himself too much.  When both CKS and Parkwell supported by Mr. Moon sought Mr. Kaufman's removal, the judge signed an order removing Mr. Kaufman by an amendment of the plan.  Since there was no doubt that CKS, Parkwell & the debtor together could amend the plan (and Mr. Kaufman's appointment came by an amendment of the plan), there was no appeal.  Mr. Boudloche was named successor plan trustee.  The bankruptcy judge made findings of fact stating that Mr. Kaufman had not tried to hide anything from any creditors, nor failed to make accountings, and stating that Mr. Kaufman would be permitted to seek additional attorneys fees at a later time.

Mr. Rosenstein then filed grievances against Mr. Kaufman, alleging "no accountings"(!),  excess and unconscionable payments, and payments out of trust; but Chief United States District Judge George P. Kazen denied relief against all the filed grievances except one on which he reserved decision, based on a recommendation to that effect from United States District Judge Keith P. Ellison (board certified by the Texas Board of Legal Specialization in bankruptcy law).  See the letter ruling of December 6, 2001, attached.  Then the state bar committee was prepared to dismiss its grievance, as well.  But

someone induced the bankruptcy court, without notice, nor hearing nor any bankruptcy related reason to do so, nor any public disclosure of the identity of the person at whose instance the court acted, to issue an order requiring Mr. Kaufman to file a final fee application in early 2002. When the fee application was filed, the resulting order, some ten months after removal and replacement of Mr. Kaufman, found breach of fiduciary duties. So the state bar committee reversed its position.

In the appeal to the Fifth Circuit, Mr. Kaufman appealed from a bankruptcy court order denying his First and Final Fee Application, made under Bkcy. Code (11 U.S.C.) Sec. 503(b). The bankruptcy court order was affirmed by Judge Hilda Tagle in the District Court. While this action was pending before Judge Tagle, Mr. Boudloche filed a motion to compromise and settle the adversary proceeding which Mr. Kaufman had brought against Mr. Feldman for $1 million for his breach of his obligations to the bankruptcy estate under the plan. This was intended to effectively moot Mr. Kaufman's appeal by compromising and settling with Mr. Feldman for so small an amount of money that Mr. Kaufman would be paid nothing if he won the appeal to the Fifth Circuit. But the Plan expressly provided for Mr. Feldman to reveal certain information to Mr. Kaufman, and he did not reveal it; and this action asserts that failure to speak when there is a duty to speak constitutes fraud. This action is being filed now because by the time the appeals to the Fifth Circuit are decided, limitations would have run on Mr. Kaufman's causes of action for fraud.

Mr. Moon says:


4. Specify the allegation of federal jurisdiction.

Answer: The complaint says: This court has "federal question" jurisdiction over this controversy under 28 U.S. Code because the contract (which created the duty to speak sought to be enforced by this fraud claim) is a confirmed Plan of Reorganization under Chapter 11 of the Bankruptcy Code, The cause of action also arises under federal law (in that Mr. Kaufman was induced to become a plan trustee in reliance on the Plan, and Barton v. Barbour (U.S. 1881) establishes that such a trustee is a federal instrumentality, over whose rights and duties there is inherent federal question jurisdiction.) And the amount in controversy exceeds $150,000. This Court also has federal question jurisdiction because the enforcement, interpretation or setting aside of a federal judgment is a "federal question." Federal jurisdiction also applies under 28 U.S.C. Sec. 1334, though not specifically alleged as such in the complaint.

Mr. Moon, attorney for the defendant, says:

5. Name the parties who disagree and the reasons.

Answer: See answer to prior question, last sentence.

6. List anticipated additional parties that should be included, when they can be added, and

by whom they are wanted.

     <u>Answer</u>: None.

7.  List anticipated interventions.

     <u>Answer</u>: None.

8.  Describe class action issues.

     <u>Answer</u>: None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

     Answer: Mr. Kaufman says, No disclosures are needed on my side, because (except for subsequent attorneys fees which are running) we have no evidence to support an issue or disclose to be at issue that has not already been disclosed and made at issue in the main bankruptcy case below, and all such writings are equally available to both parties, unless some new element of damages is discovered to arise.  Furthermore, this action was filed in the expectation that Mr. Kaufman might prevail on one or more points on appeal.  If that does not happen, there will probably be no further need to pursue this action.

     Mr. Moon says:

10.  Describe the proposed agreed discovery plan, including:

     A.  Responses to all the matters raised in Rule 26(f).

     B.  When and to whom the plaintiff anticipates it may send interrogatories.

     C.  When and to whom the defendant anticipates it may send interrogatories.

     D.  Of whom and by when the plaintiff anticipates taking oral depositions.

     E.  Of whom and by when the defendant anticipates taking oral depositions.

     F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

     G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B)

(expert report).

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Answer: Mr. Kaufman says:

A-H. A lot of discovery is not going to be necessary or appropriate before the appeal before the Fifth Circuit is decided, though plaintiff anticipates asking for the tax information that he was never furnished that was promised by the Plan, and asking what additional information, if any, was shown to Mike Schmidt and/or Mike Boudloche before the decision was made to settle for $25,000. The Fifth Circuit appeal will determine whether plaintiff-Appellant will be able to recover any attorneys fees, and might very well moot any other issues that may exist in this case. It would be efficient to await that appeal's outcome before determining to depose witnesses and name experts (though plaintiff anticipates as serving as his own expert).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Answer: Not applicable (see response to # 10, above.)

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Answer: Not applicable (see response to # 10, above.)

13. State the date the planned discovery can reasonably be completed.

Answer: Not applicable (see response to # 10, above.) Best to wait til the Fifth Circuit appeal is over, and see if pursuit of this action is appropriate or not, depending on the result.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f).

Answer: Not applicable – Mr. Feldman has never shown any interest in settlement, nor ever made a counter-offer when settlement was offered by plaintiff. So if this case is going to be settled, or similarly disposed of, it will evidently after completion of the appeal before the Fifth Circuit, and not alone in this separate action.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Answer: The parties have dealt with the appeal case in the district court and are now

preparing for the briefs that must be filed in the appeal to the Fifth Circuit.

16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

>   Answer: None are appropriate (see response to #14.)

17.  Magistrate judges may now hear jury and non-jury trials.  Indicate the parties joint position on a trial before a magistrate judge.

>   Answer: No trial is anticipated to be scheduled until after the outcome of the appeal before the Fifth Circuit (see response to #10 and # 14 above).  So we would say it is premature to discuss.

18.  State whether a jury demand has been made and if it was made on time.

>   Answer: not applicable (see response to # 17 above.)

19.  Specify the number of hours it will take to present the evidence in this case.

>   Answer: not applicable (see response to # 17 above.)

20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.

>   Answer:  Defendant has filed a motion to refer the case to bankruptcy court, which Plaintiff will oppose as merely adding another unnecessary layer of time, expense and briefing, to the appellate process.

21.  List other motions pending.

>   Answer: None.  The parties expect that Defendant will file a motion to dismiss, to which Plaintiff will file an answer opposing dismissal.

22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

>   Answer: None.

23.  List the names, bar numbers, addresses and telephone numbers of all counsel.

>   Answer: See below.

-6-

Counsel for Plaintiff:

Colin Kelly Kaufman
State Bar of Texas # 11113000
Southern Dist. Federal ID # 9242
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662
Telephone (361) 888-8865
Telecopier (362) 888-8172

Date: April 28, 2003

Counsel for Defendant:

Mr. James P. Moon
Address James P. Moon, Esq.
1660 N. Hampton Rd., Ste. 202,
DeSoto, TX. 75115
Telephone (469) 567-1530
Telecopier (469) 567-1533

Date:_____

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

Colin Kelly KAUFMAN, Plaintiff      |

vs.                          |    Civil Action No. B-02-223

Charles B. FELDMAN,          |
        Defendant                |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FEDERAL RULES OF CIVIL PROCEDURE RULE 26(f)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. State where and when the meeting of parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

Joint Answer: Colin Kelly Kaufman, in propria personam, and James P. Moon, counsel for Defendant, conferred by telephone on Thursday, April 17, 2003. Counsel conferred again on April 23, 2003 and hereby submit this Joint Discovery/Case Management Plan.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

Plaintiff's Answer: Mr. Kaufman says: This case is related to an appeal entitled In re Charles B. Feldman (Colin Kelly Kaufman, Appellant vs. Charles B. Feldman, et al., Appellees), now pending before the United States Fifth Circuit Court of Appeals in New Orleans, Civil Action 03-40125. Briefs are not yet due in this case. Another related appeal pending in this District Court is an appeal of bankruptcy court adversary # 01-2090, Colin Kelly Kaufman, Appellant v. Michael Boudloche, Trustee, Civil Action No.        , an appeal of an order below which approved a compromise and settlement for $25,000 of claims asserted against Charles B. Feldman for $1 million, in which (allegedly technical) breaches by Mr. Feldman were admitted by Mr. Boudloche, and ability to pay the $1 million by Mr. Feldman was also admitted.

Defendants' Answer:

Counsel for Defendants agree as to the pendency of the cases set forth above by Plaintiff, but deny that any admissions, judicial or otherwise, have been made by Defendants or Michael Boudloche. In addition, another related case to this matter is *In Re Colin Kelly Kaufman*, Bankruptcy Case No. 03-20394, a Chapter 13 bankruptcy case filed by Plaintiff that is currently

-1-

pending in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (hereafter referred to as the "Bankruptcy Court"). As noted in Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2, it is the Defendants' position that, as a result of the pendency of this Chapter 13 bankruptcy, the *Feldman* bankruptcy referenced above, and the related adversary proceeding and appeals that this action should be referred to the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division.

> 3. Briefly describe what this case is about:

Plaintiff's Answer: Mr. Kaufman says:  In the appeal to the Fifth Circuit, Mr. Kaufman appealed from a bankruptcy court order denying his First and Final Fee Application, made under Bkcy. Code (11 U.S.C.) Sec. 503(b). The bankruptcy court order was affirmed by Judge Hilda Tagle in the District Court.  It became apparent that Mr. Boudloche intended to effectively moot Mr. Kaufman's appeal by compromising and settling with Mr. Feldman for so small an amount of money that Mr. Kaufman would be paid nothing if he won the appeal to the Fifth Circuit.  But the Plan expressly provided for Mr. Feldman to reveal certain information to Mr. Kaufman, and he did not reveal it; and this action asserts that failure to speak when there is a duty to speak constitutes fraud. This action is being filed now because by the time the appeals to the Fifth Circuit are decided, limitations would have run on Mr. Kaufman's causes of action for fraud.

> Defendants Answer:

This is an action by the Plaintiff for common law fraud under state law based on the alleged failure of Defendant Feldman to disclose certain matters to the Plaintiff while he was acting as Plan Trustee under the conformed First Amended Plan of Reorganization (hereafter the "Plan of Reorganization") of Defendant Feldman.  Defendant have initially denied that the Plaintiff has no standing to assert any claims of the estate or any claims arising our of the conduct of the Defendants in connection with the Plan of Reorganization.  On June 2, 2001, the Bankruptcy Court in the *Feldman* bankruptcy removed the Plaintiff as Plan Trustee for breach of fiduciary obligations to the bankruptcy estate and for making improper loans to himself out of estate funds.  As a result, the Defendants assert that the Plaintiff has no standing or capacity to assert any such claims.  In addition, Defendants have vehemently denied that Feldman had any obligations to the Plaintiff as alleged and that, even if such obligations did exist, the Defendants made full and complete disclosure to the Plaintiff and the various creditors of the bankruptcy estate.

> 4. Specify the allegation of federal jurisdiction.

Plaintiff's Answer: The complaint says: This court has "federal question" jurisdiction over this controversy under 28 U.S. Code because the contract (which created the duty to speak sought to be enforced by this fraud claim) is a confirmed Plan of Reorganization under Chapter 11 of the Bankruptcy Code, The cause of action also arises under federal law (in that Mr. Kaufman was induced to become a plan trustee in reliance on the Plan, and Barton v. Barbour (U.S. 1881) establishes that such a trustee is a federal instrumentality, over whose rights and duties there is

-2-

inherent federal question jurisdiction. And the amount in controversy exceeds $150,000. This Court also has federal question jurisdiction because the enforcement, interpretation or setting aside of a federal judgment is a "federal question." Federal jurisdiction also applies under 28 U.S.C. Sec. 1334, though not specifically alleged as such in the complaint.

     5. Name the parties who disagree and the reasons.

Defendants' Response:

     The Defendants assert that, even if the Court assumes (1) that the Plaintiff has the standing and capacity to bring these claims and (2) this case is not arising out of, or related to, a proceeding under Title 11 of the United States Code (i.e., the *Feldman* bankruptcy), the claims asserted by the Plaintiff are merely claims under state law for common law fraud and that there is no federal question jurisdiction over such claims.

     6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

     Plaintiff's Answer: None.

     Defendants' Answer: Sharon Kaufman

     7. List anticipated interventions.

     Plaintiff's Answer: None.

     Defendants' Answer: Michael Boudloche, Trustee for the Estate of Charles B. Feldman

     8. Describe class action issues.

     Joint Answer: None.

     9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

     Plaintiff's Answer: Mr. Kaufman says, No disclosures are needed on my side, because (except for subsequent attorneys fees which are running) we have no evidence to support an issue or disclose to be at issue that has not already been disclosed and made at issue in the main bankruptcy case below, and all such writings are equally available to both parties, unless some new element of damages is discovered to arise. Furthermore, this action was filed in the expectation that Mr. Kaufman might prevail on one or more points on appeal. If that does not happen, there will probably be no further need to pursue this action.

-3-

<u>Defendants' Answer:</u>

No initial disclosures pursuant to Rule 26(a) have been made by the Defendants for the reason that the parties have agreed that such disclosures need not be made until such time as the 5th Circuit appeal by the Plaintiff as referenced in Paragraph 3 above has been completed.

10.  Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f).

B.  When and to whom the plaintiff anticipates it may send interrogatories.

C.  When and to whom the defendant anticipates it may send interrogatories.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

E.  Of whom and by when the defendant anticipates taking oral depositions.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

<u>Plaintiff's Answer</u>: Mr. Kaufman says:

A-H.  A lot of discovery is not going to be necessary or appropriate before the appeal before the Fifth Circuit is decided, though plaintiff anticipates asking for the tax information that he was never furnished that was promised by the Plan, and asking what additional information, if any, was shown to Mike Schmidt and/or Mike Boudloche before the decision was made to settle for $25,000. The Fifth Circuit appeal will determine whether plaintiff-Appellant will be able to recover any attorneys fees, and might very well moot any other issues that may exist in this case.  It would be efficient to await that appeal's outcome before determining to depose witnesses and name experts (though plaintiff anticipates as serving as his own expert).

<u>Defendants' Answer:</u>

The Defendants assert that a discovery plan should not be implemented until such time as

-4-

the Court has ruled on the Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2. In addition, the Defendants intends to file a Rule 56 motion for summary judgment on the issue of the Plaintiff's standing to assert the claims set forth in the Complaint and the federal question jurisdictional issue.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Plaintiff's Answer: Not applicable (see response to # 10, above.)

Defendants' Answer:  See Defendants' Answer to Question #10 above.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Plaintiff's Answer:  Not applicable (see response to # 10, above.)

Defendants' Answer: None

13. State the date the planned discovery can reasonably be completed.

Plaintiff's Answer:  Not applicable (see response to # 10, above.)  Best to wait til the Fifth Circuit appeal is over, and see if pursuit of this action is appropriate or not, depending on the result.

Defendants' Answer:

The Defendants assert that a discovery plan should not be implemented until such time as the Court has ruled on the Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2. In addition, the Defendants intends to file a Rule 56 motion for summary judgment on the issue of the Plaintiff's standing to assert the claims set forth in the Complaint and the federal question jurisdictional issue.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f).

Plaintiff's Answer: Not applicable – Mr. Feldman has never shown any interest in settlement, nor ever made a Counter-offer when settlement was offered by plaintiff.  So if this case is going to be settled, or similarly disposed of, it will evidently after completion of the appeal before the Fifth Circuit, and not alone in this separate action.

Defendants' Answer:

Based on Defendants's belief that the claims asserted by the Plaintiff are frivolous and have

-5-

no merit whatsoever, the Defendants' have request that the Plaintiff dismiss this action in return for the Defendants agreeing not to pursue sanctions and an award of attorney's fees, costs, and expenses in connection herewith.   Such offer was declined by the Plaintiff.

15.  Describe what each party has done or agreed to do to bring about a prompt resolution.

Plaintiff's Answer: The parties have dealt with the appeal case in the district court and are now preparing for the briefs that must be filed in the appeal to the Fifth Circuit.

Defendants' Answer:  See Defendants' Answer to Question # 14 above.

16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Plaintiff's Answer: None are appropriate (see response to #14.)

Defendants' Answer:  After the Court has ruled on the Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2, the Defendants feel that mediation may be helpful in this matter.

17.  Magistrate judges may now hear jury and non-jury trials.  Indicate the parties joint position on a trial before a magistrate judge.

Plaintiff's Answer: No trial is anticipated to be scheduled until after the outcome of the appeal before the Fifth Circuit (see response to #10 and # 14 above).  So we would say it is premature to discuss.
Defendants' Answer:  At this time the Defendants are not willing to consent to a trial before the United State Magistrate Judge.

18.  State whether a jury demand has been made and if it was made on time.

Plaintiff's Answer: not applicable (see response to # 17 above.)

Defendants' Answer:  Yes.

19.  Specify the number of hours it will take to present the evidence in this case.

Plaintiff's Answer: not applicable (see response to # 17 above.)

Defendants' Answer:  The Defendants anticipate that it will take 3-4 trial days to present the Defendants' portion of the evidence in this case.

-6-

20.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Plaintiff's Answer: Defendant has filed a motion to refer the case to bankruptcy court, which Plaintiff will oppose as merely adding another unnecessary layer of time, expense and briefing, to the appellate process.

Defendants' Answer: Defendants' Motion for Referral to Bankruptcy Court Pursuant to General Order 2002-2.

21.  List other motions pending.

Plaintiff's Answer: None.  The parties expect that Defendant will file a motion to dismiss, to which Plaintiff will file an answer opposing dismissal.

Defendants' Answer:  None.

22.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Plaintiff's Answer: None.

Defendants' Answer:  None.

23.  List the names, bar numbers, addresses and telephone numbers of all counsel.

Plaintiff's Answer: See below.

Counsel for Plaintiff:


_____          Date:_____
Colin Kelly Kaufman
State Bar of Texas # 11113000
Southern Dist. Federal ID # 9242
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662
Telephone (361) 888-8865
Telecopier (362) 888-8172

Counsel for Defendants:

Date: April 24, 2003

JAMES P. MOON
Law Offices of James P. Moon, PLLC
1660 N. Hampton Rd., Suite 202
DeSoto, TX. 75115
Telephone: (469) 567-1530
Telefax: (469) 567-1533

C:\I Data\JPMPLLC\Feldman\Kaufman\26CasMgt (Revised).wpd